IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HIGH TECH NATIONAL, LLC, d/b/a HIGH TECH LOCKSMITHS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES STEAD and CHARLES STEAD ENTERPRISES, INC.,<br><br>　　　　　　Defendants. | Miscellaneous Case No. 2:19-mc-00191-GJP |

**MOTION FOR ORDER OF CONTEMPT**

Pursuant to Federal Rule of Civil Procedure 45(g), plaintiff High Tech National, LLC, d/b/a High Tech Locksmiths ("HTL"), moves the Court for an order of contempt against defendants Charles Stead and Charles Stead Enterprises, Inc. ("CSE"), for failure to comply with the Court's Order of January 23, 2020, directing Stead and CSE to respond to subpoenas on or before February 21, 2020.  *See* Docket Entry 4.

**I.     Factual and procedural background**

The subpoenas at issue relate to the action currently pending in the U.S. Southern District of Indiana as *HTL, et al. v. Wiener, et al.,* Case No. 19-cv-02489 (the "Indiana Action").  In that action, HTL has sued its former President and CEO Jay Wiener, as well as various other former officers, for misappropriating corporate assets and unlawfully competing with HTL.  *See* Petition to Compel Compliance with Rule 45 Subpoenas (Docket Entry 1, the "Petition").  On October 4, 2019, HTL issued subpoenas to Stead and CSE out of the Indiana Action.  *Id.*  The subpoenas were served on Stead and CSE via substitute service that same day.  *Id.*  Stead and CSE never responded to either subpoena in any fashion.  *Id.*

On December 13, 2019, HTL filed the Petition.  *Id.*  Stead and CSE were served with the

1

Petition by substitute service on December 17, 2019.  *See* Affidavits of Service, Docket Entries 2 and 3.  Stead and CSE never responded to the Petition.

On January 23, 2020, the Court entered its Order granting the Petition.  *See* Docket Entry 4 (the "Order").  The Order required Stead and CSE to respond to the subpoenas "on or before February 21, 2020."  *Id.*  Stead and CSE were personally served with the Order on February 4, 2020.  *See* Docket Entries 5 and 6.  However, Stead and CSE have not responded to the subpoenas, nor have they made any other effort to reach out to HTL or its counsel.  *See* Declaration of Bryan K. Clark ("Clark Decl."), attached as **Exhibit A**, at ¶ 2.

## II.     Argument

Federal Rule of Civil Procedure 45(g) provides that the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  A district court may impose a wide range of sanctions for civil contempt, including incarceration, fines, or a reimbursement of costs incurred by the complainant in pursuing compliance with the court's order.  *Int'l Plastics & Equip. Corp.*, 2011 WL 1399081, at *4-6 (W.D. Pa. April 12, 2011) (collecting cases); *see also Gilgallon v. County of Hudson*, 2006 WL 1948985, at *2 (D.N.J. July 10, 2006).  To prove civil contempt, the moving party must establish by clear and convincing evidence that: "(1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order."  *Harris v. City of Philadelphia*, 47 F.3d 1311, 1326 (3d Cir. 1995).  Once the movant has established that subpoenaed individual has violated a court order, the burden shifts to the subpoenaed individual to offer proof beyond "a mere assertion of inability" to comply, and to show that it has made "in good faith all reasonable efforts to comply."  *Harris*, 47 F.3d at 1324.

Here, all three elements have clearly been met.  The Court entered the Order on January

23, 2020, and Stead and CSE were ***personally served*** on February 4, 2020.  *See* Docket Entries 5 and 6.  But Stead and CSE have made no efforts whatsoever to comply with the Order.  (Clark Decl. ¶ 2).  They have not even asserted an inability to comply — they have simply ignored the Order.  Thus, Stead and CSE should be held in contempt.

**III.     Conclusion**

For the foregoing reasons, HTL requests that the Court enter an order finding Stead and CSE in contempt and requiring Stead and CSE to (1) comply with the original subpoenas, (2) reimburse HTL for its fees and costs in pursuing compliance with the subpoenas and the Court's Order, and (3) monetary fines or incarceration the Court deems just and proper.

Dated: March 16, 2020                                         HIGH TECH NATIONAL, LLC

By: /s/ Robert M. Cavalier_____

LUCAS & CAVALIER, LLC
Robert M. Cavalier
rcavalier@lucascavalier.com
1500 Walnut Street, Suite 1500
Philadelphia, PA 19102
T:  (215) 751-9192 x 115
F:  (215) 751-9277

VEDDER PRICE P.C.
Blaine C. Kimrey (*pro hac vice* forthcoming)
bkimrey@vedderprice.com
Bryan K. Clark (*pro hac vice* forthcoming)
bclark@vedderprice.com
222 N. LaSalle Street
Chicago, Illinois 60601
T:  +1 312-609-7500
F:  +1-312-609-5005

```
```

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HIGH TECH NATIONAL, LLC, d/b/a HIGH TECH LOCKSMITHS, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES STEAD and CHARLES STEAD ENTERPRISES, INC., <br><br> Defendants. | Miscellaneous Case No. 2:19-mc-00191-GJP |

### DECLARATION OF BRYAN K. CLARK

I, Bryan K. Clark, hereby swear, under oath, to the following:

1. I am over 18 years of age. I am an associate at Vedder Price P.C. in Chicago, Illinois, and I represent High Tech National, LLC d/b/a High Tech Locksmiths ("HTL") in *HTL, et al. v. Wiener, et al.,* Case No. 19-cv-02489 (the "Indiana Action").

2. Since being personally served with the Court's Order of January 23, 2020, neither Charles Stead nor Charles Stead Enterprises, Inc., has responded to the underlying subpoenas, and they have made no efforts to reach out to HTL's counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This declaration was executed by me on March 16, 2020, at Naperville, Illinois.

*/s/ Bryan K. Clark*
Bryan K. Clark
