IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HIGH TECH NATIONAL, LLC, d/b/a HIGH TECH LOCKSMITHS,<br><br>        Plaintiff,<br><br>        v.<br><br>CHARLES STEAD and CHARLES STEAD ENTERPRISES, INC.,<br><br>        Defendants. | Miscellaneous Case No. 2:19-mc-00191-GJP |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT
OF MOTION FOR ORDER OF CONTEMPT**

Pursuant to the Court's Order of June 10, 2020 (Docket Entry 16, the "Order"), plaintiff High Tech National, LLC, d/b/a High Tech Locksmiths ("HTL"), submits this supplemental memorandum in support of HTL's Motion for Order of Contempt against defendants Charles Stead and Charles Stead Enterprises, Inc. ("CSE"). This supplemental memorandum provides additional background information related to the adequacy of service on Stead and CSE, explains why service was adequate, explains why it is appropriate for the Court to enter a contempt order, and explains why the relief sought by HTL is appropriate.

**I.    Additional Factual Background**

During the telephonic hearing on June 10, 2020, the Court inquired about the status of the property at 23 Knox Avenue, Berwyn, Pennsylvania (the "Property"), where Stead and CSE were served. The Property was sold to Stead in 2003, and the deed to the Property shows 23 Knox Avenue as Stead's home address. *See* Declaration of Bryan K. Clark, attached as **Exhibit A**, at ¶¶ 3-5. The mortgage document recorded in connection with that sale shows Stead as the mortgagee, and it was prepared on the Fannie Mae/Freddie Mac "single family" home form. *Id.*

1

at ¶¶ 6-7.  In the mortgage, Stead states that he will "occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy."  *Id.* at ¶ 8.  There is no indication on the Chester Country Recorder of Deeds' Web site that ownership of the property has been subsequently transferred or that Stead has changed his primary residence.  *Id.* at ¶ 9.

Based on the descriptions provided by process servers (*see* Docket Entry 1 at Exhibits 3-4, Docket Entry 2, Docket Entry 3, Docket Entry 5, Docket Entry 6, Docket Entry 12, and Docket Entry 13) and publicly available photos of the property (*see* Clark Decl., ¶ 10), the property appears to be a two-story home on a residential street where Stead himself has answered the door on at least two occasions.  When service of the original subpoenas was made, they were served on an adult woman named "Liz" who answered the door at the residence.  She identified herself as an employee of CSE and accepted service on behalf of both Stead and CSE.  *See* Docket Entry 1 at Exhibits 3-4.  The trucks visible in photos of the Property available on Google have names that are consistent with the vendors that HTL is investigating in the underlying Indiana lawsuit.  *See* Clark Decl., ¶¶ 12-13.

## II.     The original service was adequate.

During the June 10 hearing, the Court inquired about the adequacy of service of the original subpoenas, emphasizing that the question about the adequacy of service is "more directed toward Mr. Stead, personally."  *See* June 10, 2020 Transcript, 14:6-7.  As stated in earlier briefing and at the June 10 hearing, service on Stead personally was appropriate under Pennsylvania Rule of Civil Procedure 402(a)(2)(iii), which allows for service on individuals, "by handing a copy . . . at any office or usual place of business of the defendant to the defendant's agent ***or to the person for the***

*time being in charge.*" (Emphasis added).  The CSE employee named Liz answered the door at CSE's business address and said she could accept service, thereby indicating that she was "in charge."  But regardless, service on Stead also was appropriate under Pennsylvania Rule of Civil Procedure 402(a)(2)(i), which allows for service on individuals, "by handing a copy . . . *at the residence of the defendant* to an adult member of the family with whom he resides; but if no adult member of the family is found, then *to an adult person in charge of such residence*." (Emphasis added).  As is established above, the Property is Stead's home residence and Liz (who answered the door and said she was authorized to accept service) was the adult in charge of the property at the time of service.  Accordingly, the original service of the subpoena was adequate.

As for any concerns the Court may have about the adequacy of service on CSE, it is covered by Pennsylvania Rule of Civil Procedure 424, which allows for service of a corporation by "handing a copy to the manager, clerk or *other person for the time being in charge of any regular place of business* or activity of the association."  (Emphasis added).  Liz was, and held herself out as being, the person in charge of CSE's regular place of business (and only employee present) when the original subpoena was served.

**III.     There is an adequate basis to enter an order of contempt.**

There should be no question that Stead and CSE were adequately served with the subpoenas.  But regardless, the Court acknowledged at the June 10, 2020 hearing that it did not have any concerns about service beyond the initial service (*see* June 10, 2020 Transcript, 13:24-14:1) — there is no question that Stead and CSE knew about, and ignored, two clear court orders.  First, on January 23, 2020, the Court granted HTL's petition for enforcement of the subpoena (implicitly acknowledging the adequacy of service to that point) and ordered Stead and CSE to respond.  *See* Docket Entry 4.  Stead was *personally served* with that order on February 4, 2020,

3

but did not respond. *See* Docket Entries 5-6. The Court then ordered Stead and CSE to appear for a rule to show cause hearing. *See* Docket Entry 8. Again, Stead was ***personally served*** with that order on June 1, 2020, but he did not appear. *See* Docket Entries 12-13.

Whether Stead and CSE were adequately served with the original subpoenas is now beside the point — what matters is that Stead and CSE have repeatedly knowingly disobeyed valid court orders. "To prove civil contempt the court must find that (1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order." *Harris v. City of Philadelphia*, 47 F.3d 1311, 1326 (3d Cir. 1995). "The validity of the underlying order is not open to consideration." *Id.* Here, there is no question that all three elements are met: (1) the Court issued an order for Stead and CSE to comply with the subpoenas, (2) the defendants knew about the order after being personally served, and (3) the defendants did not respond to the subpoenas. Indeed, Stead and CSE then ***repeated*** this conduct: (1) the Court issued an order for Stead and CSE to appear and explain why they should not be held in contempt, (2) the defendants knew about the order after being personally served, and (3) the defendants did not respond to the subpoenas. The three-part test in *Harris* has clearly been satisfied — ***twice*** — and an order of contempt is appropriate regardless of whether service of the original subpoenas were adequate (which they were). If Stead and/or CSE had concerns about the adequacy of service, the proper approach would have been to raise those issues long ago in response to the Court's orders. Simply disobeying the orders is not appropriate and subjects Stead and CSE to sanctions for contempt.

**IV.    The requested relief is appropriate.**

At the hearing on June 10, 2020, HTL proposed the following forms of relief for Stead's and CSE's non-compliance with the Court's orders: (1) requiring Stead and CSE to pay HTL's fees and costs in pursuing enforcement of the subpoenas, (2) imposing a penalty of $1,000 per day

for ongoing non-compliance (beginning from the date of the Court's order), and (3) ordering incarceration of Stead if non-compliance continues beyond 14 days. During the hearing on June 10, 2020, the Court requested additional authority regarding the second prong of the requested relief, and HTL believes it would be beneficial to provide additional authority regarding the third prong as well.

"A contempt fine 'is considered civil and remedial if it either "coerce[s] the defendant into compliance with the court's order, [or] . . . compensate[s] the complainant for losses sustained."'" *Int'l Plastics & Equip. Corp. v. Taylor's Industrial Services, LLC*, 2011 WL 1399081, at *5 (W.D. Pa. April 12, 2011). "[A] 'per diem fine imposed for each day a contemnor fails to comply with an affirmative court order' is a sanction for civil contempt." *Id.* In this case, the $1,000 per day penalty should be adequate to ensure that Stead and CSE comply promptly, and it is appropriate given that HTL has been seeking this information for many months. *See, e.g., SE Property Holdings, LLC v. Unified Recovery Group, LLC*, 2018 WL 1896422, *4 (S.D. Ala. Jan. 4, 2018) (recommending daily fine of at least $1,000).

In the unlikely event that the $1,000 per day fine is not enough to spur Stead and CSE to action, incarceration would be necessary. Although incarceration in this context is rare, "incarceration is not imposed as punishment, but as a means of 'coercing the party to do what he or she has previously refused to do.' . . . The paradigmatic coercive, civil contempt sanction . . . involves confining a contemnor indefinitely until he complies with an affirmative command such as an order 'to pay alimony, or to surrender property ordered to be turned over to a receiver, or to make a conveyance.' . . . In these circumstances, the contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus 'carries the keys of his prison in his own pocket.'" *Int'l Plastics & Equip. Corp.*, 2011 WL 1399081 at *5. HTL certainly does not

want to see it come to this, but Stead's conduct has been egregious. He was first served with the subpoena in October, a fact he acknowledged when he spoke to HTL's counsel in November and claimed he had a lawyer, the lawyer had already responded to the subpoena, and the lawyer would contact HTL's counsel the next day (which never happened). *See* Docket Entry 1, Declaration of Bryan K. Clark, ¶¶ 8-9. He has since been served by substitute service with the enforcement petition and, most importantly, ***personally served with <u>two</u> court orders*** that he has simply ignored. Stead and CSE have made no effort whatsoever to respond to the subpoenas, challenge the subpoenas, or explain why they cannot do so. If, after this Court finds them in contempt and assesses fines of $1,000 per day for 14 days, Stead and CSE still cannot be bothered to respond, Stead should be incarcerated as a coercive measure.

## V.   Conclusion

For the foregoing reasons, the Court should conclude that service was adequate, the Court's prior orders were appropriate, and the appropriate sanctions for Stead's and CSE's failure to comply with those orders is an order (1) requiring reimbursement of HTL's fees and costs in pursuing enforcement, (2) imposing a *per diem* fine of $1,000 per day for each day of ongoing non-compliance, and (3) ordering Stead's incarceration if Stead and CSE remain non-compliant after 14 days.

Dated: June 17, 2020                    HIGH TECH NATIONAL, LLC


                                        By: /s/_Blaine C. Kimrey_____

                                        LUCAS & CAVALIER, LLC
                                        Robert M. Cavalier
                                        rcavalier@lucascavalier.com
                                        1500 Walnut Street, Suite 1500
                                        Philadelphia, PA 19102
                                        T:  (215) 751-9192 x 115
                                        F:  (215) 751-9277

                                        VEDDER PRICE P.C.
                                        Blaine C. Kimrey (*pro hac vice*)
                                        bkimrey@vedderprice.com
                                        Bryan K. Clark (*pro hac vice* forthcoming)
                                        bclark@vedderprice.com
                                        222 N. LaSalle Street
                                        Chicago, Illinois 60601
                                        T:  +1 312-609-7500
                                        F:  +1-312-609-5005

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to the Court's Order of June 10, 2020 (Docket Number 16), plaintiff High Tech National, LLC, d/b/a High Tech Locksmiths will personally serve this brief on defendants Charles Stead and Charles Stead Enterprises, Inc. at 23 Knox Ave., Berwyn, PA 19312.

*<u>/s/ Blaine C. Kimrey</u>*
Blaine C. Kimrey
