**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HIGH TECH NATIONAL, LLC, d/b/a HIGH TECH LOCKSMITHS, *Plaintiff,* v. CHARLES STEAD and CHARLES STEAD ENTERPRISES, INC., *Defendants.* | MISCELLANEOUS ACTION NO. 19-191 |

**PAPPERT, J.** **July 2, 2020**

**MEMORANDUM**

High Tech National, LLC, d/b/a High Tech Locksmiths served subpoenas on Charles Stead and Charles Stead Enterprises, Inc. ("CSE") seeking documents supporting its claims in *HTL, et al. v. Wiener, et al.*, Civ. A No. 19-2489 (S.D. Ind.).[1] When Stead and CSE failed to respond, High Tech filed this miscellaneous action and moved to compel compliance. (ECF No. 1.) The Court granted the motion and ordered Stead and CSE to respond on or before February 21, 2020. (ECF No. 4.) They still have not done so.

High Tech now asks the Court to hold Stead and CSE in contempt. (ECF No. 7.) Under Federal Rule of Civil Procedure Rule 45(g), "[t]he court for the district where compliance [with a subpoena] is required . . . may hold in contempt a person who,

---

1 Ace Unlocks of Pensacola, Inc., a vendor High Tech is investigating in the Indiana action, lists Charles K. Stead Jr. as its director/president in corporate filings. (Pl.'s Supplemental Mem., ECF No. 17, Ex. A., June 17, 2020 Decl. of Bryan Clark ("Clark Decl. 2"), ¶ 4.)

having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).  The Court grants High Tech's motion:  Stead and CSE were served with High Tech's subpoenas and failed to obey them as well as the Court's Order.

I

High Tech delivered its subpoenas to Stead and CSE on October 4, 2019 at 23 Knox Avenue, Berwyn, Pennsylvania, by leaving them with a clerical employee named Liz.  (Pls.' Mot. to Compel., ECF No. 1, at 1; *see also*, *id.*, Dec. 11, 2019 Decl. of Bryan Clark ("Clark Decl. 1"), Exs. 3 and 4.)  Stead purchased the property in 2003 and it is CSE's listed address.  (Clark Decl. 1 at ¶ 5; Pl.'s Supplemental Mem., ECF No. 17, Ex. A., June 17, 2020 Decl. of Bryan Clark ("Clark Decl. 2") at ¶ 3; *see also* Clark. Decl. 2, Ex. 1.)  The deed for 23 Knox Avenue identifies it as Stead's home address.  (Clark Decl. 2, Ex. 1.)  Stead is the mortgagee on a March 21, 2003 mortgage for the property prepared on a Fannie Mae/Freddie Mac "single family" form.  (Clark Decl. 2, Ex. 2.)  In it, he acknowledges that he will "occupy, establish, and use the Property as [his] principal residence within 60 days after" execution "and shall continue to occupy the Property as [his] principal residence for at least one year after the date of occupancy." (*Id.* Ex. 2, ¶ 6.)  The Chester County Pennsylvania Recorder of Deeds' website does not reflect a subsequent ownership transfer.  (Clark. Decl. 2, ¶ 9.)

After Stead and CSE failed to respond to the subpoenas, High Tech's counsel spoke to Stead on the phone on November 4, 2019.  (Clark Decl. 1, ¶ 7.)  Stead acknowledged receipt of the subpoenas and said he was represented by counsel, who had sent a response.  (*Id.*).  Told that High Tech had not received any response, Stead

said he would have his attorney contact High Tech's lawyer later that day, but that never happened. (*Id.*) When counsel for High Tech called Stead the following week, his voicemail box was full. (*Id.* ¶ 8.)

High Tech then sought to compel compliance with its subpoenas. (ECF No. 1.) It served copies of its petition on Charles Stead and CSE by leaving them with Stead's brother-in-law Parker Knight on December 17, 2019.[2] (ECF Nos. 2 and 3.) The Court granted High Tech's motion on January 23, 2020 (ECF No. 4) and High Tech personally served copies of the Court's Order on Stead and CSE at 23 Knox Avenue on February 4. (*See* ECF No. 5 (affidavit of personal service on Charles Stead "by delivering a true copy to Charles Stead and informing him . . . of the contents"); and ECF No. 6 (affidavit of corporate service on someone identifying himself as Charles Stead, Owner of CSE).

When Stead and CSE failed to comply with the Court's Order, High Tech filed its contempt motion. (ECF No. 7.) The Court scheduled a telephonic oral argument and directed High Tech to serve Stead and CSE with copies of the scheduling Order.[3] (ECF No. 8.) High Tech served the Order on Stead and CSE at 23 Knox Avenue on June 1, 2020. (ECF No. 12 (affidavit of corporate service on CSE by leaving documents with Charles Stead, Owner); ECF No. 12 (affidavit of personal service on Stead).) Although

---

[2] According to the process server, Stead was not at home at the time of service, but he

> spoke to Charles via phone . . . and he was very cooperative. He stated he would not be home for hours and was willing to make arrangements to meet before Friday when he was going on vacation. A few minutes later, his brother-in-law Parker arrived at the house. He called Charles and was asked to accept service on his behalf.

(ECF Nos. 2 and 3.) According to the affidavit of corporate service on CSE, Parker "works for" Stead. (ECF No. 3.)

[3] The Court warned Defendants that if either failed "to participate in the scheduled argument, the Court may impose appropriate sanctions including, but not limited to, fines or a reimbursement of the costs High Tech has incurred in pursuing compliance with its subpoena." (ECF No. 8, n.2.)

they were told how to join the June 10 telephonic argument, neither Stead nor CSE participated. (ECF No. 15.)

During the call, the Court directed High Tech to submit a supplemental filing and to serve Stead and CSE with copies of it and the Court's post-argument Order. (ECF No. 16.) High Tech served Stead and CSE at 23 Knox Avenue on June 19, 2020. (ECF No. 18 (affidavit of personal service on Stead); ECF No. 19 (affidavit of corporate service on CSE).)

II

Before the Court may impose sanctions, Rule 45(g) requires it to determine whether Stead or CSE have been served. Rule 45(b)(1) states that "[s]erving a subpoena requires delivering a copy to the named person . . . ." The rule "does not dictate the manner in which the delivery must occur," *Securities Exchange Comm'n v. Pence*, 323 F.R.D. 450, 454 (S.D.N.Y. 2017), and the Third Circuit has not interpreted the delivery requirement.[4] Stead's acknowledgement that he received the subpoenas, combined with evidence that he owns 23 Knox Avenue, intended to use it as his

4 In *Alfamodes Logistics Limited Liability Company v. Catalent Pharma Solutions, LLC*, the court "literally" interpreted "[t]he use of the word 'delivering' in subdivision (b)(1)," and found service insufficient where "the nonparties ha[d] not obtained possession or control of the subpoenas by receiving, in effect or actuality, the subpoenas in-hand." No. 09-3543, 2011 WL 1542670 (E.D. Pa. Apr. 25, 2011). Others have interpreted the requirement more flexibly, finding it "merely calls for 'deliver[y]' to the person." *Ultradent Prod., Inc. v. Hayman*, No. M8-85, 2002 WL 31119425, at *3 (S.D.N.Y. Sept. 24, 2002) (alteration in original); *see also Yelland v. Abington Heights Sch. Dist.*, No. 16-2080, 2017 WL 4122465, at *4 (M.D. Pa. Sept. 18, 2017) ("the form of Rule 45(b), does not compel requiring personal service to the exclusion of other manners of service") (citation and alteration omitted); *Pence*, 323 F.R.D. at 454 ("[P]ermitting service by alternative means in appropriate cases better hews to the interpretive principle in Fed. R. Civ. P. 1 that the Federal Rules of Civil Procedure should be construed to provide for the 'just, speedy, and inexpensive' resolution of federal judicial actions"); 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2454 (3d ed.) ("a growing number of cases have . . . found service of a subpoena under Rule 45 proper absent personal service").

residence,[5] and that a CSE employee accepted service at the address[6] are enough to establish service on both Stead and CSE. High Tech's effort to serve Stead and CSE was reasonably calculated to complete delivery of the subpoenas and there is no reason to believe that Defendants did not receive actual notice. In addition, since the subpoenas were served, Stead and CSE have had ample notice of High Tech's efforts to obtain their compliance with its subpoenas in the Indiana action. They have been personally served with notice of each subsequent step High Tech has taken in that regard. (*See* ECF Nos. 2, 3, 5, 6, 12, 13, 18 and 19.)

III

"To prove civil contempt the court must find that (1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order." *Harris v. City of Phila.*, 47 F.3d 1311, 1326 (3d Cir. 1995) (citation omitted). In addition, Rule 45(g) requires the Court to consider whether those who have failed to comply with a subpoena or a related Court Order have done so "without adequate excuse." Fed. R. Civ. P. 45(g). Stead and CSE have provided no excuse, much less an adequate one, for their failure to comply. Although they knew about the subpoena and

---

5 Federal Rule of Civil Procedure 4(e)(1) allows an individual to be served by "following state law for serving a summons brought in courts of general jurisdiction in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). Pennsylvania Rule of Civil Procedure 402(a)(2)(iii) allows for service on individuals "by . . . handing a copy at any office or usual place of business of the defendant to the defendant's agent or to the person for the time being in charge." Pa. R. Civ. P. 402(a)(2)(iii). In addition, Pennsylvania Rule 402(a)(2)(i) permits service on individuals "by handing a copy . . . at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence." Pa. R. Civ. P. 402(a)(2)(i). 23 Knox Avenue is both CSE's place of business and Stead's residence. Liz was "in charge" of the property at the time of service and permitted to accept service on Stead's behalf under the Pennsylvania Rules of Civil Procedure.

6 Pennsylvania Rule of Civil Procedure 424 allows for service of a corporation by "handing a copy to the manager, clerk or other person for the time being in charge of any regular place of business or activity of the association." Pa. R. Civ. P. 424. Liz answered the door at CSE's business address and held herself out as a CSE employee, establishing that she was "in charge" and permitted to accept service on CSE's behalf.

High Tech's efforts to enforce it, Stead and CSE never claimed that the subpoenas were overbroad, invalid or otherwise unenforceable[7] and never contested the Court's January 23 Order.

IV

Whether to hold Stead or CSE in contempt for failure to comply with High Tech's subpoenas is a discretionary decision. *See Barnes Found. v. Twp. of Lower Merion*, No. CIV. A. 96-372, 1997 WL 169442, at *5 (E.D. Pa. Apr. 7, 1997). Sanctions for civil contempt are "penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Int'l Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 827 (1994). They may include fines, incarceration or a reimbursement of costs incurred while seeking to obtain compliance. *See Int'l Plastics & Equip. Corp. v. Taylor's Indus. Servs., LLC,* No. 07-1053, 2011 WL 1399081, at *4-6 (W.D. Pa. Apr. 12, 2011). High Tech suggests the following as an appropriate remedy: (1) a penalty of $1,000 per day for ongoing non-compliance beginning from the date of the Court's contempt Order, (2) an order requiring Stead's incarceration if Defendants' non-compliance persists for longer than fourteen days; and (3) reimbursement of fees and costs it has incurred in pursuing enforcement. (*See* Pl.'s Supplemental Mem. at 4-6.)

Here, Stead and CSE's contempt began with their failure to comply with the

---

7 "After being served with a subpoena duces tecum, a nonparty may object to producing any or all of the requested information by serving a written objection on the party or person designated in the subpoena . . . within fourteen days after the subpoena is served . . . ." *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. at 238 (citing Fed. R. Civ. P. 45(d)(2)(B)). If they had valid objections to the subpoena, Stead and CSE could also have filed a motion to quash them. *See* Fed. R. Civ. P. 45(d)(3).

Court's January 23 Order and High Tech may seek reimbursement of the fees and costs incurred in pursuing compliance since then.[8] This sanction is designed to place High Tech in the position it would have been in had Stead and CSE done what the Court ordered them to do. *See Paddick v. Butt*, No. 09-4285, 2018 WL 6830476, at *1 (E.D. Pa. Dec. 27, 2018) ("If successful in a civil contempt proceeding, the complainant is entitled to costs of investigating violation of the court order [and] preparing for and conducting the contempt proceeding, and attorneys' fees.") (citing *Robin Woods Inc. v. Woods*, 28 F.3d 396, 400-01 (3d Cir. 1994)).

A daily fine on Stead and CSE for each day that they fail to respond to High Tech's subpoenas is also appropriate. *See Int'l Plastics & Equip. Corp.*, No. 07-1053, 2011 WL 1399081, at *5; *see also Int'l Union, United Mine Workers of Am.*, 512 U.S. at 829 ("[S]uch fines exert a constant coercive pressure . . . .") Because of High Tech's methodical efforts to gain Stead and CSE's cooperation and how long it has waited for the information it still seeks, a $1,000 daily fine is appropriate. *See, e.g.*, *SE Property Holdings, LLC v. Unified Recovery Group, LLC,* No. 14-008, 2018 WL 1896422, at *4 (S.D. Ala. Jan 4, 2018) (recommending a daily fine of at least $1,000); *In re Application of Sergeeva*, No. 13-3437, 2015 WL 12862925, at *9 (N.D. Ga. Oct. 13, 2015) (assessing a coercive fine of $500 per day for sixty days with leave to request an extension thereafter if the subpoenaed entity remained in contempt), *aff'd sub nom. Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194 (11th Cir. 2016); *cf. Bonomo v. Citra Capital Mgmt., LLC*, No. 11-04409, 2016 WL 7428794, at *3 (D.N.J. May 17, 2016) (assessing a civil contempt fine of $500 per day to compel the defendant's execution of a consent judgment in

---

8 "An award of attorneys' fees and costs to the prevailing party in a civil contempt action is determined according to the 'lodestar method.'" *Paddick*, 2018 WL 6830476, at *6.

compliance with his settlement agreement with the plaintiff). Stead and CSE bear joint and several liability for the fine, which will begin accruing today, and should be paid to the Clerk of Court for the United States District Court for the Eastern District of Pennsylvania.

High Tech shall immediately inform the Court if Stead and CSE respond to the subpoenas. It shall submit status reports to the Court on July 10, July 17, July 24 and July 31. If Stead and CSE have not responded to High Tech's subpoenas by Friday, July 31, 2020, High Tech may petition the Court for an extension of the daily fine or may ask the Court to issue a warrant for Mr. Stead's arrest. In civil contempt proceedings, incarceration is not imposed as punishment, but is one means of "coercing the party to do what he or she has previously refused to do." *Gilgallon v. Cnty. of Hudson*, No. 02-5948, 2006 WL 1948985, at *2 (D.N.J. July 12, 2006). "It is with the greatest reluctance that the court will order a citizen held in custody for the violation of a civil order . . . . That said, a society that governs itself under the rule of law cannot permit its citizens to pick and choose which among the laws they will or will not obey, at least if that society is to long endure." *United States v. Puccio*, 812 F. Supp. 2d 105, 109 n.7 (D. Mass. 2011).

If Stead's non-compliance compels his arrest, he will be committed to the custody of the U.S. Marshal for this District for confinement at the Federal Detention Center in Philadelphia, or such other federal facility as may be determined by the Bureau of Prisons to be more suitable. Stead will be held in custody until further order of Court to be entered when he purges himself of contempt by having a designee produce the documents requested in High Tech's subpoenas to High Tech's counsel.

An appropriate Order follows.

BY THE COURT:

/s/ *Gerald J. Pappert*
GERALD J. PAPPERT, J.